## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

---

KEVON WHITE and KIMONE BROWN-
WHITE,

              Plaintiff,

    -against-

UBER TECHNOLOGIES, INC., PORTIER-
NY, LLC, JOANN FERRO and JOSEPH
SHIVERS,

              Defendants.

---

DOCKET NO.

**NOTICE OF REMOVAL**

---

## NOTICE OF REMOVAL

        COMES NOW Defendants, Uber Technologies, Inc. and Portier-NY, LLC ("Uber Defendants"), pursuant to 28 USC §§ 1441(b), 1446, and 1332(a)(1), and hereby files this Notice of Removal of the above-referenced action to the United States District Court for the Southern District of New York, and as grounds for this removal respectfully states as follows:

### Procedural History

    1.      This is a personal injury action arising from a motor vehicle accident on January 3, 2022 in or about the intersection of 146th avenue and 223rd Street, County of Queens, State of New York. A true and correct copy of plaintiffs' original Summons and Complaint bearing index number 7104458/2022 in Supreme Court, Queens County is attached hereto as **Exhibit "A"**.  The original summons and complaint was filed on May 16, 2022.  The Uber Defendants in the original

complaint were Uber Technologies, Inc., Uber USA, LLC, and "Uber Eats."[1]  Codefendants Joann Ferro and Joseph Shivers were also listed as defendants.

2.     The Uber Defendants were individually served with the original complaint on May 20, 2022.  Copies of the affidavits of service filed by plaintiffs' counsel are collectively annexed hereto as **Exhibit "B."**

3.     On June 12, 2022, plaintiffs filed a supplemental summons and amended complaint deleting Uber USA, LLC and "Uber Eats" as defendants and adding Portier-NY, LLC to the action. A copy of the amended complaint is annexed hereto as **Exhibit "C."**  The undersigned has been retained to represent all Uber entities in this loss, including Portier-NY, LLC.  Upon information and belief, the Uber Defendants have not been served with the Amended complaint though the undersigned is willing to accept service on their behalf based on plaintiff's service of the original complaint.

4.     In the Amended Complaint, plaintiffs allege that all Defendants were negligent in their control, operation, ownership, and maintenance of the Defendants' vehicle and that plaintiffs was caused to be injured, thereby suffering severe and serious injuries."  *See* **Exhibit "A"**. Plaintiffs further allege that codefendant Shivers was operating his vehicle in the course and scope of his employment with the Uber Defendants.

## Basis for Removal and Amount in Controversy

5.     Removal of this case is proper as this Court has diversity jurisdiction pursuant to 28 USC §1332(a)(1) because the parties are citizens of different states, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

---

[1] "Uber Eats" is not a real company or entity which can be sued but is the colloquial name of an online application where delivery drivers and individuals seeking delivery of food from restaurants, groceries from supermarkets and items from convenience stores can connect with each other.

33675427.v1

6.      Per 28 U.S.C. § 1446(b), this Notice of Removal is timely as it is being filed within 30 days of the Uber Defendants' first receipt "through service or otherwise" of a copy of the initial pleading indicating that the amount in controversy exceeds $75,000.00 the, to wit: plaintiffs' original complaint dated May 16, 2022 in which they allege $12,000,000 in damage against defendants. *See* **Exhibit "A**," ad damnum clause.

7.      Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Queens, New York and the State Court action was filed in Queens County, New York which is within the Judicial Circuit of the United States District Court for the Eastern District of New York.

8.      As noted above, the Uber Defendants first received notice of this action by service of a copy of the original Complaint on May 20, 2022. *See* **Exhibit "B"**.  Pursuant to 28 U.S.C. § 1446(b).  The original Notice of Removal is being filed with this Court within thirty (30) days of the Uber Defendants' first receipt "through service or otherwise" of a copy of the pleading indicating that the amount in controversy meets the floor for removal on the basis of diversity jurisdiction, to wit: plaintiffs' original complaint setting for $12,000,000 in damages. Accordingly, the filing of this Notice of Removal is timely pursuant to 27 U.S.C. § 1446(b).

## Diversity of Citizenship

9.      Plaintiffs Complaint alleges that Plaintiff Kevon White is a resident of the State of New Jersey. *See* **Exhibit "A,"** ¶1.  Co-plaintiff Kimone Brown-White is alleged to be the husband of Kevon White and is asserting a loss of consortium claim of her husband and co-plaintiff Kevon White.  *See* **Exhibit "A,"** ¶¶62-73. Therefore, upon information and belief, plaintiff Kimone Brown-White is also a resident of the State of New Jersey.

10.     Defendant, Uber Technologies, Inc. was and is a corporation organized under the laws of the State of Delaware with its principal place of business located at 1515 3rd Street, San Francisco, California 94158.  Portier-NY, LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business located at 1515 3rd Street, San Francisco, California 94158.   The sole member of Portier-NY, LLC is Uber Technologies, Inc., which as mentioned above, is a Delaware Corporation with its principal place of business in California.[2]

11.     Upon information and belief, codefendants Joanne Ferro and Joseph Shivers are residents of Nassau County in the State of New York.  Annexed hereto as **Exhibit "D"** is the police report (dates of birth redacted) for this accident.  According to the report, Ferro and Shivers both reside in Valley Stream, Nassau County, New York.  Upon information and belief, codefendants Ferro and Shivers have not been served in this action.[3]  Based on the above, diversity of citizenship existed among the proper parties, Plaintiffs and Defendants, when the original complaint was filed on or about May 16, 2022.  *See* **Exhibit "A."**  Moreover, since the forum residents Joanne Ferro and Joseph Shivers have not been served in this action, removal is still proper pursuant to 28 U.S.C. §1441(b).  Diversity of citizenship still exists among the proper parties at the time this Notice of Removal is being filed.

---

[2] As noted above, in the amended complaint, plaintiffs deleted Uber USA, LLC as a defendant.  Nevertheless, Uber USA, LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business located at 1515 3rd Street, San Francisco, CA 94158.  The sole member of the limited liability company is Uber Technologies, Inc.

[3] This is based on a review of NYS Courts Electronic Filing (NYSCEF) system where no affidavit of service for these defendants has been filed and the representation of an attorney retained by said defendants.

**Plea for Removal**

12.     This Honorable United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because this is a civil action in which there is complete diversity of citizenship between Plaintiff and Defendant, and in which the amount in controversy appears to exceed $75,000.00, exclusive of interest and costs, as described below.

13.     Therefore, this civil action is removable to this Court pursuant to 28 U.S.C. § 1441.

14.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being submitted for filing with the Clerk of the Supreme Court of New York, Queens County, and is being served upon Plaintiffs.

15.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Uber Defendants' right to assert any defenses available to them.

16.     For the foregoing reasons, this United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

**WHEREFORE**, defendant files this Notice of Removal so that the entire State Court Action under Index No. 710548/2022, now pending in the New York Supreme Court, Queens County, shall be removed to this Court for all further proceedings.

Dated:  Garden City, New York
         June 15, 2022

Respectfully submitted,

**GOLDBERG SEGALLA LLP**

By: _____

Gavin C. Fields, Esq.
*Attorneys for Defendant*
*Uber Technologies, Inc., and Portier-NY, LLC*
**Mailing Address:**
**P.O. Box 780, Buffalo, NY  14201**

33675427.v1

Office Location:
200 Garden City Plaza, Suite 520
Garden City, New York 11530
(516) 281-9800
(516) 281-9801 (fax)
gfields@goldbergsegalla.com
GS File No. 15896.0625

TO:     Myrna L. Archer, Esq.
        240-02 Caney Road
        P.O. Box 220025
        Rosedale, New York 11422
        (718) 926-0740
        myrnaarcher@hotmail.com

        Joann Ferro
        1241 G. Street
        Valley Stream, New York 11580

        Joseph Shiver
        1241 G. Street
        Valley Stream, New York 11580

33675427.v1